# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DAVID OSZUST | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:15-CV-339-JVB-PRC |
| | ) |
| TOWN OF ST. JOHN, FRED FREGO, and | ) |
| JAMES TURTURILLO, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Defendant Town of St. John's Motion to Consolidate [DE 45], filed on January 22, 2016. Defendant requests that this matter be consolidated with *David Oszust and Thomas Parada v. Town of St. John*, Cause Number 2:16-CV-22-PPS-PRC. No response has been filed, and the time to do so has passed. On January 22, 2016, Defendant Town of St. John filed a Notice of Motion to Consolidate in Cause Number 2:16-CV-22-PPS-PRC.

Federal Rule of Civil Procedure 42(a) provides that, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). Consolidation is appropriate for "cases that share the same questions of law or fact and where consolidation would not result in prejudice to any party." *Back v. Bayh*, 933 F. Supp. 738, 748 (N.D. Ind. 1996) (citing *Fleishman v. Prudential-Bache Sec.*, 103 F.R.D. 623, 624 (E.D. Wis. 1984)). Courts "consider such factors as judicial economy, avoiding delay, and avoiding inconsistent or conflicting results" as well as "as the possibility of juror confusion or administrative difficulties." *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 394 (E.D. Wis. 2008). Consolidation "is a matter committed to the sound discretion of the trial judge." *Canedy v. Boardman*, 16 F.3d 183, 185 (7th Cir. 1994).

The instant lawsuit was filed in this Court on January 1, 2016. Plaintiff seeks monetary, injunctive, and declaratory relief regarding the alleged violation of his Fifth Amendment rights when an order by the Town of St. John Board of Metropolitan Police Commissioners was made compelling him to sign medical authorizations. Those authorizations were part of a disciplinary proceeding currently pending against Plaintiff and brought by then-Chief of Police, Defendant Fred Frego. Plaintiff also seeks compensatory damages based on allegations that the disciplinary proceedings are in retaliation for protected activity.

On October 29, 2015, Plaintiff filed a Complaint against the Town of St. John in Lake Superior Court under Cause No. 45D01-1509-PL0092 and subsequently filed a First Amended Complaint containing allegations that the disciplinary hearing pending against Plaintiff was not properly held in a forum open to the public but was instead held in a closed executive session in violation of Indiana law. Because the First Amended Complaint also alleged violations of the First Amendment, Defendant Town of St. John removed the matter to this Court on January 12, 2016, which is now pending as Cause Number 2:16-CV-22-PPS-PRC.

Both lawsuits are related to the disciplinary action pending against Plaintiff. Having reviewed the Complaints, the Court finds that there are at least some common issues of fact, if not also common issues of law, arising from the two cases. There is a risk to the parties of prejudice and possible confusion if the cases are not consolidated, and no party has claimed prejudice as a result of consolidation. In fact, no objection has been filed to this motion. The resolution of these cases as one matter will avoid separate determination of overlapping factual and legal issues. Consolidation will also reduce the burden placed on witnesses, parties, and judicial resources.

Accordingly, in the interest of judicial economy, the Court hereby **GRANTS** Defendant Town of St. John's Motion to Consolidate [DE 45] and **ORDERS** consolidation of cause numbers 2:15-CV-339-JVB-PRC and 2:16-CV-22-PPS-PRC.

All future filings shall be made in 2:15-CV-339-JVB-PRC **only**.

SO ORDERED this 29th day of February, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT