UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID OSZUST and THOMAS PARADA, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 2:15-CV-339 JD<br>) |
| TOWN OF ST. JOHN, *et al.*, | )<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

In this case, police officer David Oszust alleges that the Town of St. John, Indiana (the Town) retaliated against him for engaging in activity protected by Title VII. Further, he alleges that the Town's Metropolitan Board of Police Commissioners (the Board) commenced disciplinary proceedings against him that do not comply with Indiana Code § 36-8-3-4 (which governs police board disciplinary proceedings)[1] and will force him to disclose his medical records in violation of his Fifth Amendment right against self-incrimination.[2] He also brings claims against Chief of Police Fred Frego and James Turturillo, a police sergeant, under 42 U.S.C. § 1983 for First Amendment retaliation. Finally, Oszust and St. John citizen Thomas Parada allege that the Board has held non-public disciplinary meetings pertaining to Oszust (and plans to hold more) in violation of Indiana Code § 5-14-1.5-1 et seq. (Indiana's Open Door Law)

---

[1] Oszust brings his claim under § 36-8-3-4, though notes that he "possibly" brings a claim under Ind. Code § 36-8-3.5-17, Indiana's merit board statute. [DE 3 at 8 & n. 1, case no. 2:16-cv-22]. The Court will evaluate only the former claim. If Oszust comes to believe § 36-8-3.5-17 is the appropriate statute under which to proceed, he may seek leave to amend his complaint.

[2] The Fifth Amendment and the First Amendment, as relevant to this order, apply to state and local governments via the Fourteenth Amendment Due Process Clause. *Malloy v. Hogan*, 378 U.S. 1 (1964) (Fifth Amendment right against self-incrimination); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980) (First Amendment right of access).

1

and the First Amendment. The Defendants have now filed three motions to dismiss for failure to state a claim upon which relief can be granted.[3] [DE 47, 65, 70].[4] First, the Town moved to dismiss the Fifth Amendment and Title VII retaliation claims against it. [DE 47, 48, 55, 59]. Second, Defendant Turturillo filed a motion to dismiss the First Amendment retaliation claim against him. [DE 65, 66, 67, 72]. Third, the Town filed another motion to dismiss as to the claims against it under Indiana's Open Door Law, the police disciplinary board statute and the First Amendment. [DE 70, 71, 79, 82]. Thus, the Defendants have now moved to dismiss all of the Plaintiffs' claims except for the First Amendment retaliation claim against Frego. Their motions are ripe for review.

**STANDARD OF REVIEW**

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court will take the facts alleged by the Plaintiffs to be true and draw all reasonable inferences in their favor. A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, that statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Evaluating whether a Plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its

---

[3] The Defendants also seek to dismiss some of the Plaintiffs' claims for lack of subject matter jurisdiction. But, their argument in this regard is that the Plaintiffs have not exhausted administrative remedies, which as the Defendants themselves subsequently recognize, is a contention more properly pursued under Rule 12(b)(6). [DE 71 at 4]; *see also Mosely v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 532-33 (7th Cir. 2006). At any rate, the Court does not ultimately reach that argument because it finds dismissal appropriate on other grounds.

[4] All citations to the docket are to case no. 2:15-CV-339 unless otherwise noted.

judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## FACTS

Plaintiff David Oszust has been an officer of the St. John, Indiana police department since 2004. In 2013, he was injured in a work-related car accident. He was then placed on medical leave and began to receive workers' compensation benefits. Police Chief Fred Frego accused Oszust of committing fraud in obtaining some or all of those benefits. In November 2014, Frego brought disciplinary charges against Oszust before the Board. Those charges were dismissed the same month because, Oszust says, the Town was not sufficiently prepared to proceed with them. Frego refiled charges against Oszust on January 30, 2015, but again dismissed them as the Board was not prepared to proceed with a hearing.

Around this time, three women purportedly experienced sexual harassment by Frego, Turturillo and other members of the St. John Police Department. Oszust encouraged them to bring their allegations to a lawyer, the EEOC, a state prosecutor and law enforcement. Those women filed suit against the Town in March 2015. The Defendants were aware of Oszust's involvement in this matter.

Charges were refiled against Oszust for a third time on August 11, 2015. Two weeks later, on August 25, 2015, Frego filed a motion with the Board seeking to compel Oszust to sign authorizations disclosing his medical records. The Board granted the motion without giving Oszust an opportunity to respond. Oszust filed a motion for reconsideration as to the Board's decision on August 29, 2015, but the Board denied it and again ordered Oszust to execute a medical records release.

Throughout these proceedings, the Board convened several times in executive sessions,

which are closed to the public. Oszust and his counsel were present at some or all of those executive sessions. The Board has also indicated that it intends to hold further meetings as to Oszust and an administrative hearing on the charges against him in executive session. While the Board does seek to proceed with charges against Oszust, it has not yet taken further steps to discipline him. He is presently on administrative leave.

In connection with these events, Oszust filed three lawsuits. First, he filed a suit in federal court (case no. 2:15-cv-339). That complaint, as amended, brings claims against the Town, asserting that the Board's order that Oszust disclose his medical records violates his Fifth Amendment right against self-incrimination and that the Town illegally retaliated against him under Title VII. [DE 41]. It also brings First Amendment retaliation claims under 42 U.S.C. § 1983 against Frego and Turturillo. *Id*. Second, Oszust filed two lawsuits in Indiana state court, which were later consolidated into a single complaint and removed to federal court (case no. 2:16-cv-22). In that consolidated complaint, as amended, Oszust claims that Indiana law bars the disciplinary charges against him because the Board failed to hold a timely hearing in compliance with Indiana Code § 36-8-3-4. [DE 3, case no. 2:16-cv-22]. Oszust also alleges, in conjunction with Parada (Parada joins this suit as to these allegations only), that the Board's closed-door meetings violate Indiana law and the First Amendment. *Id*. All of the above-described claims have now been consolidated into the single suit presently before the Court. [DE 63]. The Defendants have now filed motions to dismiss all of the Plaintiffs' claims except for the § 1983 First Amendment claim against Frego. The Court addresses each claim at issue in turn.

**ANALYSIS**

*Younger* Abstention

The Court first considers *Younger* abstention. That doctrine requires federal courts to

4

"abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances—like bias or harassment—exist which auger against abstention." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 596 (7th Cir. 2007) (quoting *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)). While *Younger* involved a Plaintiff that sought to enjoin a pending state court criminal proceeding by bringing a constitutional claim in federal court, 401 U.S. 37 (1971), it has since also been applied to state administrative proceedings. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982). The Supreme Court recently clarified that *Younger* is not a doctrine of broad applicability, but rather applies only in three types of exceptional cases: (1) ongoing state criminal prosecutions, (2) civil enforcement proceedings and (3) civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions. *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013).

Oszust's claim under the Fifth Amendment implicates *Younger*. It seeks declaratory relief that would prohibit the Board from demanding Oszust's medical records and would thus directly interfere with proceedings against Oszust. The parties did not, however, raise *Younger* in their initial submissions. So, the Court issued a show cause order requesting them to brief it. [DE 83]; *see also Time Warner Cable v. Doyle*, 66 F.3d 867, 883 (7th Cir. 1995) (federal courts may, and are perhaps even required to, raise *Younger* abstention *sua sponte*); *Boothe v. Sherman*, 66 F. Supp. 3d 1069, 1074 (N.D. Ill. 2014) ("Although no party has formally moved for *Younger* abstention, the court may raise the issue *sua sponte*."). The Defendants have since responded that they believe that the criteria for *Younger* abstention are met. [DE 86]. The Plaintiffs' filing is more difficult to parse. It discusses numerous considerations wholly unrelated to *Younger*,

including other abstention doctrines and issues that go to the merits of the Plaintiffs' claims. The Plaintiffs do not appear to generally oppose federal restraint. [DE 87 at 14]. As to *Younger*, though, they oppose abstention on the grounds that no state proceeding is currently pending against Oszust. [DE 87 at 9].

*Younger* abstention does generally require an ongoing, or at least imminent, state proceeding. *Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811, 817 (7th Cir. 2014); *see also* 17B Charles Alan Wright et al., *Federal Practice and Procedure* § 4253 (3rd ed. 2007). Here, the Plaintiffs allege that the Board filed charges against Oszust on August 11, 2015, and those charges are still pending. Moreover, the parties agree that the Board intends to move forward with those charges. [DE 71 at 3]; [DE 55 at 19 n. 6]; [DE 3 at 10-11, case no. 2:16-cv-22]. That makes the proceedings against Oszust ongoing. *See Crenshaw v. Supreme Court of Indiana*, 170 F.3d 725, 728 (7th Cir. 1999) (finding an ongoing state disciplinary proceeding where a Supreme Court disciplinary commission docketed a grievance and began a formal investigation against an attorney); *In re Franceschi*, 43 F. App'x 87, 90 (9th Cir. 2002) (finding state proceedings ongoing where the state bar had filed a notice of disciplinary charges against an attorney).

The Plaintiffs nevertheless argue that "there is not an active disciplinary proceeding," [DE 87 at 9] since proceedings against Oszust are foreclosed by a timeliness requirement set forth in Indiana Code § 36-8-3-4. But this is not an argument that proceedings are not imminent or underway, it is an argument that they are not legal. *Younger* does not ask whether proceedings are permissible—which often goes to the merits of a case—but only whether a proceeding is pending such that federal interference with it might undermine principals of equity, comity and federalism. *See Steffel v. Thompson*, 415 U.S. 452, 462 (1974). Here, that is so. Indeed, if there were no ongoing proceeding against Oszust, it would moot many of the

Plaintiffs' claims and obviate the need for much of this litigation. As such, the Court concludes that proceedings against Oszust are sufficiently ongoing to implicate *Younger*.[5]

The parties do not appear to contest that the remaining *Younger* criteria are met, and the Court finds them to be satisfied here. As a threshold matter, this case falls within one of the three categories of cases appropriate for *Younger* abstention enumerated by the Supreme Court in *Sprint*. *Gonzalez*, 755 F.3d at 182 (finding an administrative disciplinary hearing against a law enforcement officer to be a "textbook example" of a civil enforcement proceeding encompassed by *Sprint*).

Relatedly, the disciplinary charges against Oszust amount to a judicial or quasi-judicial proceeding. Proceedings are judicial in nature when they are coercive, rather than remedial. *Majors*, 149 F.3d at 712. This matter involves charges of "violations of police department policies commensurate with Worker's Compensation insurance fraud" and could result in Oszust's suspension without pay, demotion or dismissal. [DE 41 at 3] (alteration omitted); Ind. Code § 36-8-3-4(c). As such, there is little question the proceedings at issue here are coercive. *See Murphy v. City of Manchester*, 70 F. Supp. 2d 62, 67 (D.N.H. 1999) ("The record in this case establishes that the police department's disciplinary proceedings are precisely the type of coercive administrative proceedings to which the *Younger* doctrine was intended to apply.").

Next, the proceeding against Oszust implicates Indiana's important interest in ensuring the integrity of its police officers and administering the disciplinary scheme it has established to address police misconduct. *See Nudell v. Nevius*, No. 98 C 3719, 1999 WL 608717, at *2 (N.D. Ill. Aug. 5, 1999) (finding "the regulation of police officer conduct" to be an important state

---

[5] The Plaintiffs appear to believe that a ruling by the Court that *Younger* abstention is appropriate amounts to a conclusion that the Board may legally proceed with charges against Oszust. That is not true. Rather, the Court concludes that the question of whether the Board may legally bring charges against Oszust is better left to a state tribunal and expresses no opinion as to it.

interest); *Dowden v. City of Sacramento*, 40 F. Supp. 2d 1146, 1149 (E.D. Cal. 1999) ("California has a strong interest in both the conduct of its peace officers and the disciplinary scheme it has established to address officer misconduct."); *Murphy*, 70 F. Supp. 2d at 68 ("Murphy was charged with multiple violations of the police department's regulations. The supervision of law enforcement personnel sworn to protect and serve the public unquestionably involves an interest of vital importance to state (or, in this case, municipal) government.").

The requirement Oszust have an adequate opportunity to raise his constitutional arguments in state proceedings is also satisfied. "A federal court 'should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'" *Olsson v. O'Malley*, 352 F. App'x 92, 94 (7th Cir. 2009) (quoting *FreeEats.com*, 502 F.3d at 598). Here, Oszust offers no argument that the Board will not entertain his Fifth Amendment claim. Indeed, it appears that he already advanced it in a motion before the Board, which the Board denied. [DE 41 at 4]. Further, to the extent Oszust fears a subpoena may issue that violates his Fifth Amendment rights, he will have another chance to make his argument to a state court if the Board moves to enforce its subpoena. *See Crenshaw v. Supreme Court of Indiana*, 170 F.3d 725, 729 (7th Cir. 1999) ("We agree with the district court that nothing in the record suggests that the Supreme Court of Indiana could not or would not fairly entertain a constitutional challenge to the subpoena."); Ind. Code § 36-8-3-4(d) (providing that Ind. Code § 36-4-6-21 controls procedures for compelling witness testimony); Ind. Code. § 36-4-6-21(c) (directing that "the court shall hear all questions relating to [a witness'] refusal to testify or produce evidence").

Finally, no party raises any extraordinary circumstances such as bias or harassment that would make abstention inappropriate in this case. As such, abstention is warranted. *Green v.*

*Benden*, 281 F.3d 661, 667 (7th Cir. 2002) (dispensing with the extraordinary circumstances inquiry where no party raised such circumstances, because the "party claiming extraordinary circumstances must demonstrate their existence") (citing *Ramsden v. AgriBank, FCB*, 214 F.3d 865, 871 (7th Cir. 2000)). The Court accordingly dismisses Oszust's Fifth Amendment claim and turns to the Plaintiffs' remaining claims at issue in this order: the Title VII retaliation, First Amendment, Open Door Law (§ 5-14-1.5-1 et seq.) and police disciplinary board statute (§ 36-8-3-4) claims against the Town and the First Amendment retaliation claim via § 1983 against Turturillo (but not Frego).

<u>Title VII Retaliation - Town</u>

To state a claim for Title VII retaliation, a plaintiff must allege that he engaged in statutorily protected activity and was subjected to an adverse action as a result. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014). The Town contends that Oszust does not plausibly allege this claim. It says this is true for three reasons: First, Oszust is not within the "zone of interest" of the women purportedly harassed by members of the St. John police department such that he has standing to bring a retaliation claim. Second, Oszust has not adequately alleged that he suffered any materially adverse action. Third, Ozsust has not adequately alleged a causal connection between his purported protected activity and the proceedings against him.

The Court finds that Oszust has adequately pled his Title VII claim. First, whether or not Oszust is within the "zone of interest" of his coworkers' complaints, he has a direct retaliation claim himself. He claims that he "supported," "assisted" and "encouraged" three women in reporting sexual harassment. [DE 41 at 5]. That is squarely within the scope of Title VII protected activity. *Ray v. Ropes & Gray LLP*, 799 F.3d 99, 107 (1st Cir. 2015) (noting that

9

protected activity under Title VII includes "assisting [a] co-worker in exercising rights") (citing *Eichman v. Ind. State Univ. Bd. Of Trs.*, 597 F.2d 1104, 1107 (7th Cir. 1979)); *Corcoran v. City of Chicago*, No. 10-CV-06825, 2015 WL 1345545, at *4 (N.D. Ill. Mar. 23, 2015) ("Assistance in the preparation of later-filed charges is protected from retaliation by Title VII.").

Second, the Town asserts that Oszust has not adequately identified a materially adverse action because paid administrative leave is insufficient to support a Title VII claim. Oszust responds that, while the harm he complains of may not suffice to support a claim under the substantive provision of Title VII, a retaliation claim is evaluated under a different standard. He is correct that the standards for these claims are not entirely coextensive. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006) ("Title VII's substantive provision and its antiretaliation provision are not coterminous. The scope of the antiretaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm."). However, both the Seventh Circuit and this Court have concluded that placement on paid leave is not a materially adverse employment action sufficient to support a retaliation claim. *Nichols v. S. Illinois Univ.-Edwardsville*, 510 F.3d 772, 787 (7th Cir. 2007); *Calderaro v. Town of Schererville*, No. 2:13-CV-385, 2016 WL 1270396, at *10, 14 (N.D. Ind. Mar. 31, 2016). That is not determinative of this issue, though, as Oszust also alleges that his harm has included "loss of wages." [DE 41 at 15]. That clearly suffices to plead a materially adverse action in this circuit. *See, e.g.*, *Atanus v. Perry*, 520 F.3d 662, 677 (7th Cir. 2008); *Moser v. Indiana Dep't of Corr.*, 406 F.3d 895, 904 (7th Cir. 2005).

Finally, the Town contends that there cannot be a causal connection between Oszust's protected activity and any adverse action, because Oszust was first charged with disciplinary violations in November 2014 but the women he assisted filed suit in March 2015. That is not

persuasive. While the Town first initiated disciplinary proceedings against Oszust in November 2014, that does not preclude the possibility that retaliatory animus arising after that date could have caused the August 2015 proceedings (and any associated loss of wages Oszust incurred). Further, the Court notes that a Plaintiff in a Title VII retaliation case may plead causation in a conclusory statement. *Stone v. Bd. of Trustees of N. Illinois Univ.*, 38 F. Supp. 3d 935, 944 (N.D. Ill. 2014) (citing *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013)). That is a minimal standard, and Oszust has satisfied it.

As such, the Court finds that Oszust has adequately made out a case for Title VII retaliation.[6] While perhaps not as cogent as it could be, his complaint sufficiently alleges that he assisted three women in lodging a sexual harassment complaint and that his wages were adversely affected as a result. It further identifies those women by name, and provides an approximate timeframe. That is enough to satisfy the basic purpose of federal pleading standards and provide St. John with notice of the claims against it. *See Hatcher v. Bd. of Trustees of S. Illinois Univ.*, No. 15-1599, 2016 WL 3770555, at *4 (7th Cir. July 14, 2016). To the extent the Town seeks further clarity as to any of Oszust's allegations, it may request a more definite statement. *See id*; Fed. R. Civ. P. 12(e).

First Amendment – Town

The Court next turns to Oszust and Parada's purported First Amendment claim against the Town. In their complaint, the Plaintiffs make passing reference to the First Amendment serving as the foundation for Indiana's Open Door Law. Now, they make the bare assertion that

---

[6] The Court notes that even though Oszust's Title VII claim and First Amendment § 1983 claims only seek damages, *Younger* abstention may nevertheless be implicated where an award of damages would be tantamount to an injunction. *Am. Fed'n of State, Cty. & Mun. Employees v. Tristano*, 898 F.2d 1302, 1304 (7th Cir. 1990). Here, however, a conclusion that Oszust suffered illicit retaliation would not preclude the Board from continuing with the proceedings against him and, if warranted, disciplining him for a legal reason. *See Harder v. Vill. of Forest Park*, 466 F. Supp. 2d 1000, 1006 (N.D. Ill. 2006) (permitting First Amendment retaliation claim to proceed despite termination proceedings pending before the police board).

this suffices to state an independent claim for First Amendment relief.

The Court disagrees for several reasons. First, the Plaintiffs have not sufficiently pled a First Amendment claim. They allege in a footnote that "the First Amendment is implicated" in their open door law claim under Indiana Code § 5-14-1.5-1 et seq. (over which, as described below, the Court declines supplemental jurisdiction). [DE 3 at 14, n. 4, case no. 2:16-cv-22]. But neither that cursory allegation nor any other facts in the Plaintiffs' complaint provide any colorable basis for relief under the First Amendment. That alone makes dismissal appropriate under Rule 12(b)(6). *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (noting that, while a complaint need not provide "specific facts" it must at least "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (quoting *Erickson v. Pardus*, 551 U.S. 89, 92 (2007)). Second, the Plaintiffs do not meaningfully respond to the Town's arguments that the Board can hold executive session meetings under the conditions alleged in the complaint without violating the First Amendment. In fact, they provide no substantive discussion of their purported First Amendment claim at all. [DE 79 at 10]. As such, even if they had adequately pled their claim, they would have forfeited it by failing to sufficiently respond to the Town's motion to dismiss. *Roney v. Indianapolis Power & Light Co.*, No. 1:14-CV-01646, 2015 WL 5554003, at *5 (S.D. Ind. Sept. 21, 2015) (finding that a plaintiff "waived and abandoned any counterarguments she may have had" by failing to substantively respond to the defendants' argument on a motion to dismiss).

Finally, even if the Court construes the Plaintiffs' claim under what would appear to be the most applicable First Amendment doctrine and analyzes the claim on its merits, it still fails to

state a valid basis for relief.[7]  In referencing the First Amendment, the Plaintiffs invoke the familiar test for the constitutionality of government regulations affecting the time, manner and place of speech in a public forum.  *See, e.g.*, *McCullen v. Coakley*, 134 S. Ct. 2518, 2529 (2014) ("the government may impose reasonable restrictions on the time, place, or manner of protected speech, provided the restrictions are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information") (internal quotation marks omitted).  They do not, however, identify any affected speech or expression subject to regulation.  Instead, their primary grievance appears to be the Parada and other members of the general public cannot attend the proceedings against Oszust.

If anything, that would be a First Amendment right of access claim.  The Supreme Court has recognized "a qualified right of the press and public to attend certain governmental proceedings, at least where the proceeding 'historically has been open to the press and general public,' and public access 'plays a particularly significant role' in the functioning of the proceeding in question and 'the government as a whole.'"  *Am. Civil Liberties Union of Illinois v. Alvarez*, 679 F.3d 583, 599 n. 7 (7th Cir. 2012) (quoting *Globe Newspaper Co. v. Super. Ct. for the Cnty. Of Norfolk*, 457 U.S. 596, 605-06 (1982)).  But the Plaintiffs do not allege that the Board proceedings at issue satisfy these criteria, other than a conclusory allegation that "events at which an accused police officer and his attorney are present . . . have always been the types of board events open to the public." [DE 3 at 5, case no. 2:16-CV-22].  And even if they had, they would not have prevailed since courts have found no First Amendment right of access to police

---

[7] Due to the cursory articulation of this claim, the Court cannot ascertain whether it would implicate *Younger* abstention.  As such, the Court addresses it under Rule 12(b)(6) and finds that it fails to state a claim upon which relief can be granted.

13

disciplinary hearings. *See Marion Cty. Sheriff's Merit Bd. v. Peoples Broad. Corp.*, 547 N.E.2d 235, 240 (Ind. 1989) (First Amendment does not proscribe county sheriff's merit board from meeting in executive session to discuss evidence presented at a public hearing); *Smith v. Cleveland*, 641 N.E.2d 828, 832-33 (Ohio Ct. App. 1994) (First Amendment does not require public access to police disciplinary proceedings); *see also Town of Merrillville, Lake Cty. v. Peters*, 655 N.E.2d 341, 343 (Ind. 1995) (condoning police disciplinary hearings held in executive session under a due process analysis); *United States v. Miami Univ.*, 294 F.3d 797, 821-23 (6th Cir. 2002) (no First Amendment right of access to records from student disciplinary proceedings). Accordingly, to the extent the Plaintiffs seek to plead a First Amendment right of access claim against the Town, they do not state a valid claim for relief and their claim is appropriately dismissed. *See PG Pub. Co. v. Aichele*, 705 F.3d 91, 113-14 (3d Cir. 2013) (affirming district court's dismissal of First Amendment right of access claim for failure to state a claim).

First Amendment Retaliation – Turturillo

The Court next addresses Oszust's § 1983 First Amendment retaliation claim against Turturillo. Making out a claim for First Amendment retaliation requires alleging (1) protected activity, (2) a deprivation that would likely deter First Amendment activity in the future and (3) that the First Amendment activity was a motivating factor in the defendants' decision to take the retaliatory action. *Novoselsky v. Brown*, 822 F.3d 342, 354 (7th Cir. 2016). Turturillo contends that Oszust's complaint fails to allege how Turturillo retaliated against Oszust. In his response, Oszust indicates that Turturillo was involved in the charges and investigation leveled against him. Further, he newly alleges that Turturillo "harassed and intimidated witnesses in the

14

furtherance of causing harm to the Plaintiff" and "attempted to cause the termination" of Oszust. [DE 67 at 4].

The Court finds that Oszust's allegations come up short. While a First Amendment retaliation plaintiff need not contend that the actor had the authority to violate the plaintiff's rights, *Hoffman v. Dewitt Cty.*, No. CV 15-3026, 2016 WL 1273163, at *8 (C.D. Ill. Mar. 31, 2016), he must at least allege that the "defendant set in motion a series of events that the defendant knew or should reasonably have known would cause others to deprive the plaintiff of her constitutional rights." *Conner v. Reinhard*, 847 F.2d 384, 397 (7th Cir. 1988). Oszust's complaint offers no indication of how he believes Turturillo harmed him for exercising his First Amendment rights. In his response to Turturillo's motion to dismiss, Oszust represents that Turturillo contributed to the investigation against Oszust and newly alleges outside the pleadings that "Mr. Turturillo harassed and intimidated witnesses in the furtherance of causing harm to the Plaintiff" and "Mr. Turturillo attempted to cause the termination . . . of Plaintiff Oszust." [DE 67 at 4]. But there are two problems with these new allegations. First, they are not properly advanced in a response to a motion to dismiss. While a plaintiff is free to raise facts that support the viability of his claim in a response, his complaint must also state an adequate claim for relief in the first instance. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1147 (7th Cir. 2010). Here, where the complaint completely fails to draw any connection between Turturillo and any harm to Oszust, Oszust has not done that. And Oszust cannot amend his complaint in a response to a motion to dismiss. *GE Capital Info. Tech. Sols., Inc. v. Campbell Ads LLC*, No. 2:11-CV-82 PPS-APR, 2012 WL 1677957, at *3 (N.D. Ind. May 14, 2012). Second, even considering these new allegations, they fail to demonstrate how Turturillo caused any harm to Oszust. They allege only that Turturillo *attempted* to cause Oszust's termination and intimidated witnesses *in the*

15

*furtherance* of causing harm to Oszust. It is entirely unclear, however, whether these purported actions ultimately had any effect on Oszust.

Oszust's claim also suffers from another deficiency. It does not adequately allege that he engaged in protected speech. That is an essential element of a First Amendment retaliation claim. *Hatcher*, 2016 WL 3770555, at *4. For a government employee, it requires establishing that the plaintiff spoke as a citizen rather than as an employee. *Id.* "When a public employee speaks on matters pursuant to employment duties, that speech is not protected under the First Amendment." *Id*. That is because "restricting speech that owes its existence to a public employee's professional responsibilities does not infringe on any liberties the employee might have enjoyed as a private citizen." *Id*. (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 422 (2006)).

Here, Oszust alleges that he engaged in protected activity "when he encouraged, advocated for, and supported" women he contends were victims of sexual harassment. [DE 41 at 16]. He does not, however, provide any basis to believe that he did so as a citizen, rather than as an employee.[8] While his assistance, seemingly unrequested by the Town, may at first not appear to fall within the scope of his employment, the Seventh Circuit has "repeatedly held that an employee's speech about misconduct affecting an area within [his] responsibility is considered pursuant to [his] employment even when [he] is not strictly required to make it." *Id*. at *5. Accordingly, when determining whether a plaintiff spoke as an employee or as a citizen the Court takes "a practical view of the facts alleged in the complaint, looking to the employee's level of responsibility and the context in which the statements were made." *Abcarian v. McDonald*, 617 F.3d 931, 937 (7th Cir. 2010).

---

[8] Even if Oszust had adequately alleged that he spoke as a citizen, his speech would still not necessarily be protected. He would also have to establish that it pertained to a matter of public concern. Here, it is not clear that was the case, as purely personal sexual harassment grievances are not entitled to First Amendment protection. *See Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 706–07 (7th Cir. 2010).

Oszust's complaint, however, provides no information to contextualize the assistance he allegedly rendered. Further, it is "entirely devoid of any job description or other detail of [his] affirmative duties." That is plainly insufficient to survive federal pleading requirements. *Id*; *see also Hatcher*, 2016 WL 3770555, at *4 ("A mere speculative possibility that an employee speaks as a citizen is no longer enough to satisfy federal notice pleading requirements. *Abcarian v. McDonald*, 617 F.3d 931, 937 (7th Cir. 2010). So [the plaintiff] needed to plead specific facts that plausibly suggested her speech was *not* made pursuant to her faculty role, but rather was made in her capacity as a private citizen.") (emphasis in original). Further, while Oszust makes the bare allegation that he "spoke as a citizen on a matter of public concern," [DE 41 at 16], that is also insufficient to state a claim. *See Abcarian*, 617 F.3d at 937 (finding dismissal of a First Amendment retaliation claim proper where the complaint pleaded a mere legal conclusion that the plaintiff spoke as a citizen outside the duties of his employment). As such, the Court finds that Oszust has not plausibly alleged that Turturillo took action against Oszust so as to deter expression of Oszust's First Amendment rights, or that Oszust engaged in protected speech. Dismissal of his First Amendment claim is therefore appropriate.

Supplemental Jurisdiction

Finally, the Court turns to its supplemental jurisdiction over the Plaintiffs' state-law claims. Pursuant to 28 U.S.C. § 1367(a), a district court may exercise jurisdiction to the full extent of Article III's case or controversy requirement. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 682 (7th Cir. 2014). Claims are part of the same case or controversy if they derive from a common nucleus of operative fact. *Id*. at 683. The Court need not hear every claim within its supplemental jurisdiction, however, and may decline to exercise supplemental jurisdiction in several circumstances. 28 U.S.C. § 1367(c). Among these, is where a state claim

"substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). "If it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966).

Here, Oszust's state-law claims assert violations of Indiana's open door law and police disciplinary proceeding statutes. These involve questions about the content and mechanics of the administrative proceedings against Oszust that are substantially separate from the issue of retaliatory intent raised by Oszust's Title VII claim against the Board and First Amendment retaliation claim against Frego (which, per the above analysis, are now the only remaining claims over which this Court has original jurisdiction). Indeed, the only commonality between Oszust's state and federal claims appears to be that they all may, in some fashion, be related to the disciplinary proceedings against Oszust. But that isn't enough to support supplemental jurisdiction. *See Tucker v. Montgomery Ward & Co.*, No. 86 C 9734, 1987 WL 14616, at *3 (N.D. Ill. July 17, 1987) (finding that the single overlapping fact of a plaintiff's discharge was not sufficient to warrant a court's exercise of supplemental jurisdiction over a state-law claim). In fact, under these circumstances, §1367 may not even *permit* jurisdiction over the state claims. *See Angsten v. Blameuser*, No. 05 C 4254, 2005 WL 3095513, at *5 (N.D. Ill. Nov. 16, 2005) ("While the claims share a general factual background . . . the *operative* facts necessary for the tort claims are wholly unrelated to the *operative* facts essential to the elements of the Section 1983 claim.") (emphasis in original). Further, the relief the Plaintiffs seek in their state claims, which spans pages of requests for declaratory and injunctive relief, substantially predominates

over the damages sought in Oszust's Title VII and First Amendment retaliation claims. Lastly, the parties now appear to agree that state adjudication of the state-law claims in this matter is appropriate. [DE 87 at 7] ("declining jurisdiction pursuant to 28 U.S.C. § 1367, may be appropriate"); [DE 86 at 1] (arguing that Plaintiffs' state-law claims should be dismissed because they implicate *Younger*). As such, the Court declines to exercise jurisdiction over them. *See Angsten*, No. 2005 WL 3095513, at *5 n. 3 ("despite the existence of a separate but ancillary federal claim, this lawsuit is really a state-law tort action better heard by the Illinois courts").[9]

## CONCLUSION

For the foregoing reasons, the Defendant Town's motion to dismiss [DE 47] is GRANTED IN PART as to Plaintiff Oszust's Fifth Amendment claim, which is DISMISSED without prejudice. That motion is DENIED as to Oszust's Title VII retaliation claim. Defendant Turturillo's motion to dismiss [DE 65] is GRANTED and the First Amendment retaliation claim against him is accordingly DISMISSED without prejudice. The Defendant Town of St. John's second motion to dismiss [DE 70] is GRANTED IN PART as to the Plaintiffs' First Amendment right of access claim, which is DISMISSED with prejudice. The Court further declines to exercise supplemental jurisdiction over the Plaintiffs' state-law claims and those claims are thus REMANDED to state court. Finally, the Town's motion to strike [DE 58] is DENIED as moot, because the contested evidence is not relevant to the issues raised in the above motions.[10]

---

[9] The Court also declines supplemental jurisdiction over any cause of action the Plaintiffs purport to bring based on Indiana Rule of Trial Procedure 41, *see* [DE 3 at 20-21, case no. 2:16-cv-22], for the reasons stated above.

[10] *See Orso v. Bayer Corp.*, No. 04 C 0114, 2006 WL 2794975, at *5 n. 5 (N.D. Ill. Sept. 27, 2006) ("Urso attached a number of exhibits to her response to the motion to dismiss. Bayer has moved to strike most of these exhibits, arguing that they are irrelevant and not properly considered on a motion to dismiss. Because the court has not considered these exhibits in deciding the motion to dismiss, the motion to strike is denied as moot."); *Babchuk v. Indiana Univ. Health, Inc.*, 299 F.R.D. 591, 594 (S.D. Ind. 2014) ("Finally, because the evidence attached to Defendants' Motion to Dismiss did not factor in the Court's decision, Plaintiffs' Motion to Strike that evidence is DENIED as moot").

SO ORDERED.

ENTERED:  August 30, 2016

                                                      /s/ JON E. DEGUILIO
                                        Judge
                                        United States District Court